United States District Court
Southern District of Texas
**ENTERED**
January 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE FIDENCIO GARZA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-155 |
| § | |
| GARRY CURRIE, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND

This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. On the consent of the Plaintiff, the case was referred to the Undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (D.E. 19). On July 13, 2015, Plaintiff's case was dismissed after screening pursuant to 42 U.S.C. § 1997e(c), 28 U.S.C. §§ 1915(e)(2), and 1915A. (D.E. 25). Final Judgment was entered on July 13, 2015. (D.E. 26). Plaintiff thereafter filed a notice of appeal (D.E. 33). On December 29, 2015, Plaintiff's appeal was dismissed for want of prosecution. (D.E. 57).

Plaintiff has continued to file post-trial motions including, but not limited to, motions for discovery (D.E. 38), motion for medical attention (D.E. 40); motion exercising the First Amendment (D.E. 46), motion for transcripts (D.E. 49), motion for summary judgment (D.E. 51), and motion for writ of mandamus (D.E. 52).

Pending is Plaintiff's Motion to Amend. (D.E. 56). Plaintiff's motion to amend is untimely. Not only has final judgment been entered, but Plaintiff/Appellant's appeal

has been dismissed. After final judgment has been entered, it would be improper to grant Plaintiff's motion for leave to amend his complaint. *See Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir.1996). The final judgment is an obstacle that makes Plaintiff's pending motion futile. *See Steinmetz v. Toyota Motor Credit Corp.*, 963 F. Supp. 1294, 1307 (E.D.N.Y. 1997).

Therefore, Plaintiff's motion to amend (D.E. 56) is **DENIED.**

It is further ORDERED that Plaintiff shall not file any further motions in this action in the District Court without leave of court being granted.

However, Plaintiff's motion indicates Plaintiff may be complaining about receiving inadequate medical care. Plaintiff is instructed that claims regarding inadequate medical care were not raised in the instant litigation and therefore were not dismissed or otherwise considered by the Court. Therefore, Plaintiff may file a new lawsuit raising these claims after exhausting his administrative remedies and completing and filing another prisoner civil rights complaint form and an application to proceed *in forma pauperis* along with a current copy of his inmate account statement.

ORDERED this 5th day of January, 2016.

                                                          Jason B. Libby
                                           United States Magistrate Judge